UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amer Antonio Rivas Diaz,<br><br>                              Petitioner,<br><br>v.<br><br>Patrick Divver, Director of the San Diego Field Office of ICE's Enforcement and Removal Operations; Christopher J. LaRose, Warden of Otay Mesa Detention Center,<br><br>                              Respondents. | Case No.:  26cv2655-GPC(GC)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

On April 27, 2026, Amer Antonio Rivas Diaz ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to be released from his unlawful detention at the Otay Mesa Detention Facility.  (Dkt. No. 1, Pet.)  Respondents filed a response on April 30, 2025.  (Dkt. No. 4.)  Based on the reasoning below, the Court GRANTS in part the petition for writ of habeas corpus and VACATES the hearing set on May 8, 2026.

**Discussion**

Petitioner, a 44-year-old native and citizen of Honduras, last entered the United States on January 11, 2010 near Tijuana/Tecate, California without inspection and

1

remained in the United States since that time.  (Dkt. No. 1, Pet. ¶¶ 14, 17.)  Petitioner received a Notice to Appear dated August 27, 2014 alleging he is not a citizen or national of the United States, that he is a native and citizen of Honduras, that he entered the United States around January 17, 2017 and that he was not admitted or paroled after inspection by an immigration officer.  (*Id.* ¶18.)  He married Laly Lopez-Rivas in September 2014 in El Cajon, California and has a twenty-year old United States citizen son who lives in San Diego, California.  (*Id.* ¶¶ 19, 20.)  He has strong family ties through his spouse' four United States citizen children all of whom are adults and reside in San Diego.  (*Id.* ¶ 21.) He has a DUI-related incident from August 27, 2014 where he was placed on probation and completed all terms.  *(Id.* ¶ 22.)

Around March 25, 2026, Petitioner was driving his recreational vehicle on his way to work with his aunt when an unidentified person yelled at him not to move and stated ICE was coming for him but did not identify himself as an ICE officer.  (*Id.* ¶ 24.)  He continued on his way as he was headed to work and the officers detained him while he was taking an exit from the freeway.  (*Id*. ¶ 25.)  Petitioner has been detained and remains in immigration custody.  (*Id*. ¶ 27.)  Petitioner is not subject to a final order of removal and Respondents have not identified any valid basis for mandatory detention under the Immigration and Nationality Act.  (*Id.* ¶ 28.)  He has never received an individualized custody determination or bond hearing before a neutral adjudicator.  (*Id.* ¶ 29.)  Petitioner alleges violations of the Administrative Procedures Act and violations of procedural due process under the Fifth Amendment and seeks to be released immediately.

In response to the order to show cause, Respondents acknowledge that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d --, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *amended and superseded by reconsideration* by –F. Supp. 3d--, 2025 WL 3713987 (Dec. 18, 2025) which the Ninth Circuit later stayed its application beyond the Central District of California.  (Dkt. No. 4.)  Nonetheless, Respondents acknowledge this District has been directing bond hearings pursuant to 8 U.S.C. § 1226(a) in similar

2

cases.  As such, Respondents do not oppose an order directing a bond hearing be held under 8 U.S.C. § 1226(a).  To the extent Petitioner requests immediate release, such a request is premature.   Section 1226 requires only consideration of release on bond, and a bond hearing is therefore sufficient to correct Respondents' ongoing violation of the INA as to Petitioner.  *See* 8 U.S.C. § 1226(a); *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1078 (S.D. Cal. 2025) (finding a bond hearing, rather than release, to be the appropriate remedy where Petitioner was wrongfully subjected to mandatory detention without a hearing under 8 U.S.C. § 1225(b)(2) rather than provided a bond hearing under § 1226(a)); *Esquivel-Ipina v. LaRose*, --- F. Supp. 3d ---, 2025 WL 2998361, at *6 (S.D. Cal. Oct. 24, 2025) (*same*). Therefore, the Court GRANTS in part the petition for writ of habeas corpus.  Accordingly, IT IS HEREBY ORDERED that

- Respondents **PROVIDE** Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten (10) days of this Order;
- Respondents must **FILE** a Notice of Compliance within seven (7) days of the hearing confirming that Petitioner was provided with a bond hearing and stating whether Petitioner was released on bond;
- Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention;
- Respondents **SHALL NOT** transfer Petitioner from this district pending his bond hearing;
- The Clerk of Court **SHALL** enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated:  May 1, 2026

Hon. Gonzalo P. Curiel
United States District Judge

3

26cv2655-GPC(GC)